AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio

| | |
|---|---|
| In the Matter of the Search of *(Briefly describe the property to be searched or identify the person by name and address)* The Cellular Devices More Fully Described in Attachment A | ) ) ) ) ) ) Case No. 1:21-mj-973 |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____Southern_____ District of _____Ohio_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 | Narcotics Conspiracy |

The application is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Cameron C. Rice*
*Applicant's signature*

Cameron C. Rice, Special Agent D.E.A.
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

**via FaceTime video** _____ *(specify relia...*

Date: **Dec 21, 2021**

*Karen L. Litkovitz*
Karen L. Litkovitz
**United States Magistrate Judge**

City and state: Cincinnati, Ohio

## ATTACHMENT A

*The property to be searched*

**Subject Telephone 1:** Black Apple iPhone
**IMEI:** 356861114354348

 

**Subject Telephone 2:** Pale Green Apple iPhone
**IMEI:** 353970106644658

 

**Subject Telephone 3**: Black Apple iPhone
**IMEI**: 352906117323982

 

**Subject Telephone 4**: Silver Apple iPhone with a white face
**IMEI**: 355345085602191



2

**Subject Telephone 5:** Gray ZTE flip phone Model Z320
**IMEI:** 862580030367310



**Subject Telephone 6:** Black Apple iPhone with Otterbox
**IMEI:** 356599141606435



3

**Subject Telephone 7:** Gray Apple iPhone with black case
**IMEI:** 356719082615688



**Subject Telephone 8:** Black Apple iPhone
**IMEI:** 356114096132013



The above items are currently located at the Cincinnati Police Department Temporary Storage Locker #17, 801 Linn Street, Cincinnati, Ohio.

This warrant authorizes the forensic examination of the Subject Devices for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

*Items to be seized*

1.    All records on the Subject Devices described in Attachment A that relate to violations of **21 U.S.C. § 846** and involve ▮▮▮▮▮▮▮ **and Steffen ROBERSON** and other yet known and unknown individuals including:

    a.  Evidence that shows the Subject Devices were used to further facilitate the distribution of illegal narcotics;

    b.  Lists of customers and related identifying information;

    c.  Types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

    d.  Any and all information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

    e.  Any and all information related to association with co-conspirators, to include communications and contact information for co-conspirators;

    f.  Any information recording schedules or travel;

    g.  Any and all stored telephone numbers;

    h.  Any and all text messages, iMessages, and chats, to include incoming, outgoing, saved, deleted, and drafts;

    i.  Any and all emails, sent, received, delete, draft and/or saved;

    j.  Any and all voicemails;

    k.  Any and all photographs, electronic images, video recordings, and/or images saved and/or deleted on the cellular device;

    l.  Any and all information related to drug proceeds;

m.  Any and all data retrieved from applications installed on the device;

n.  Any and all entries made in a calendar and/or notebook feature;

o.  Any and all personal numbers associated with the cellular device to include the telephone number, push-to-talk number, make, model, carrier, ESN, IMEI, ICCID, MEID, SEID, and or IMSI.

2.    Evidence of user attribution showing who used or owned the Subject Devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **IN THE MATTER OF THE SEARCH OF CELLULAR TELEPHONES DESCRIBED AS:** | **CASE NO.**  1:21-mj-973 |
| | **<u>UNDER SEAL</u>** |

BLACK IPHONE IMEI: 356861114354348

PALE GREEN IPHONE IMEI: 353970106644658

BLACK IPHONE IMEI: 352906117323982

SILVER IPHONE WITH WHITE FACE
IMEI: 355345085602191

GREY ZTE FLIP PHONE MODEL Z320
IMEI: 862580030367310

BLACK IPHONE WITH OTTER BOX CASE
IMEI: 356599141606435

GREY IPHONE WITH BLACK CASE
IMEI: 356719082615688

BLACK IPHONE
IMEI: 356114096132013

**LOCATED AT THE
CINCINNATI POLICE DEPARTMENT,
SECURE EVIDENCE LOCKER #17,
801 LINN STREET
CINCINNATI, OH 45203**

## AFFIDAVIT IN SUPPORT OF AN
## APPLICATION UNDER RULE 41 FOR A
## WARRANT TO SEARCH AND SEIZE

I, Cameron C. Rice, Special Agent (SA) with the Drug Enforcement Administration being first duly sworn, hereby state:

## INTRODUCTION AND AGENT BACKGROUND

1.     I am an investigative or law enforcement officer of the United States within the meaning of Section 2510 (7) of Title 18, United States Code, that is, an officer of the United States who is empowered by the law to conduct investigations of, and to make arrests for, the offenses enumerated in Title 18, United States Code, Section 2516.

2.     I am a Special Agent ("SA") of the Drug Enforcement Administration ("DEA") and have been so employed since February 2018. Prior to being employed with the DEA, I was employed as a State Trooper for the State of Ohio for over two years. I graduated from Coast Guard Boot Camp, the Ohio State Highway Patrol Academy, American Military University, and the DEA Basic Agent Academy. As a Special Agent of the DEA, my duties and responsibilities include conducting criminal investigations for violations of federal law, particularly those found in Title 21 and Title 18 of the United States Code. As a DEA agent, I have participated in several federal criminal investigations seeking evidence of violations of, inter alia, the Federal Controlled Substances Act (Title 21 of the United States Code).

3.     I am currently assigned to the Cincinnati District Office of the DEA. I received specialized training from the DEA, including the 18-week Basic Agent Training course. That training focused on methods of unlawful drug trafficking; the identification of controlled substances; surveillance; undercover operations; confidential source management; the means by

2

which drug traffickers derive, launder, and conceal their profits from drug trafficking; the use of assets to facilitate unlawful drug trafficking activity; and, the law permitting the forfeiture to the United States of assets purchased with drug proceeds or assets used or intended to be used to facilitate the drug violations.

4.     During the course of my law enforcement career I have participated in the investigation of several criminal offenses, including those involved in the current investigation. I have participated in several illicit drug trafficking investigations, ranging from street level dealers to major drug suppliers. These investigations include the unlawful importation, possession with intent to distribute and distribution of illegal substances, the related money laundering instruments, the conducting of monetary transactions involving the proceeds of specified unlawful activities, and conspiracies associated with criminal narcotics offenses. These investigations have resulted in the seizure of narcotics, arrests of suspects, their convictions and the seizure of large amounts of U.S. currency; and have involved: the use of confidential informants; undercover agents; the analysis of pen registers, and toll records; physical surveillances and the execution of search warrants.

5.     I have had discussions with other law enforcement officers and other cooperating individuals about the packaging and preparation of narcotics, methods of operations, and security measures which are often employed by narcotics traffickers I have examined documentation of various methods in which illicit drugs are smuggled, transported, and distributed.

6.     By virtue of my training and experience, through my conversations with and review of reports from other experienced agents and officers who conduct drug investigations, I have become familiar with the methods used by drug traffickers to import, transport, store, safeguard,

remit and/or launder drug proceeds; and the methods used by drug traffickers to collect, transport, store, safeguard, remit and/or launder drug proceeds; and the methods used by drug traffickers to obtain and utilize telephones, pagers, computers, and other devices in order to communicate with each other; and the jargon and/or codes commonly used when they refer to drugs and/or drug proceeds. As a result of my experience, I have become familiar with the day-to-day operations and the various tools, methods, trends, paraphernalia and related articles used by various traffickers in their efforts to manufacture, possess, import, conceal, package, use and distribute controlled substances.

7.    The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. The sources of my information and beliefs include oral and written reports about this and other investigations received from fellow agents and Task Force Officers with the DEA. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

8.    Through my training and experience, I know that those involved in the illegal sale and distribution of narcotics often store in their cell phones and mobile devices, contact information for their associates so that they may stay in ready contact with their customers and source(s) of supply. Often the information stored in the contact list may be in the form of a code to conceal the true identity of the contact.

9.    Through my training and experience, I am aware that drug traffickers often communicate with their customers, couriers, and/or associates through the use of cellular telephones or use of multiple telephones or other devices, to avoid detection by law enforcement.

## IDENTIFICATION OF THE DEVICES TO BE EXAMINED

10.    The property to be searched:

**Subject Telephone 1:** Black Apple iPhone
**IMEI:** 356861114354348

 

**Subject Telephone 2:** Pale Green Apple iPhone
**IMEI:** 353970106644658

 

**Subject Telephone 3**: Black Apple iPhone
**IMEI**: 352906117323982

 

**Subject Telephone 4**: Silver Apple iPhone with a white face
**IMEI**: 355345085602191



**Subject Telephone 5:** Gray ZTE flip phone Model Z320
**IMEI:** 862580030367310



**Subject Telephone 6:** Black Apple iPhone with Otterbox
**IMEI:** 356599141606435



6

**Subject Telephone 7:** Gray Apple iPhone with black case
**IMEI:** 356719082615688



**Subject Telephone 8:** Black Apple iPhone
**IMEI:** 356114096132013





11.     The subject telephones were located and seized during the arrest of Steffen ROBERSON and search of 8685 Daly Road, Cincinnati, OH 45231 that occurred in Cincinnati, Ohio, referred hereinafter to as **SUBJECT DEVICES**. The above items are currently in the custody of Cincinnati Police Department located at 801 Linn Street, Cincinnati, Ohio 45203.

12.     The applied-for warrant would authorize the forensic examination of the **SUBJECT DEVICES** for the purpose of identifying electronically stored data particularly described in Attachment B.

**PROBABLE CAUSE**

13.     The DEA, Cincinnati Police Department (CPD), and Federal Bureau of Investigation (FBI) have been investigating Steffen ROBERSON and others for trafficking in heroin/fentanyl mixtures in the Cincinnati, Ohio area.  CPD Police Officer Jonce Tackett and myself, both with extensive training and experience investigating drug trafficking offenses, investigated the ongoing drug trafficking investigation involving suspects Steffen ROBERSON, Alton BEACHER, Quinton JENNINGS, and other co-conspirators.

14.     On November 15, 2021, the Honorable Stephanie K. Bowman, United States Magistrate Judge for the Southern District of Ohio, signed an arrest warrant for a Criminal Complaint charging Steffen ROBERSON, Anthony ROBERSON, Devon PRICE, Quinton JENNINGS, David HAMLER, Gregory DONALDSON Jr., Donald FAIRBANKS III, Roderick SMITH, Rashawn ZANDERS, Sterling PARISH,  Jerome NEWTON Jr.,  Jimmy DANIEL, and Alton BEACHER with conspiracy to possess with intent to distribute and distribute controlled substances in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A).[1]

15.     On November 15, 2021, the Honorable Judge Bowman also signed several search warrants authorizing the search of residences associated with Steffen ROBERSON and his co-conspirators to include search warrants for a Honda Accord bearing Texas temporary passenger plate 28680K5 with VIN # 1HGCV1F3XJA021148 and the residence of 8685 Daly Road,

[1] A federal Grand Jury in the Southern District of Ohio subsequently returned a multi-count Indictment charging the same individuals and Juan Marcano with a narcotics conspiracy in violation of 21 U.S.C. § 846 in Case Number 1:21-CR-127.  The Indictment also charges several co-conspirators with substantive violations of the Controlled Substances Act.  Steffen ROBERSON is charged in Count One with a violation of 21 U.S.C. § 846.

9

Cincinnati, Ohio 45231. As explained in more detail below, the **SUBJECT DEVICES** were recovered during the search of 8685 Daly Road, Cincinnati, Ohio 45231.

16. Furthermore, as explained in more detail below, I believe that there is probable cause to believe that the **SUBJECT DEVICES** will contain evidence of Steffen ROBERSON's drug trafficking. Based on my investigation in this case, I know that Steffen ROBERSON uses cellular devices to further his illegal drug trafficking and to communicate with co-conspirators. I also know, based on my training and experience and investigation in this case, that Steffen ROBERSON used the residence at 8685 Daly Road, where the **SUBJECT DEVICES** were recovered in furtherance of his illegal drug trafficking. Furthermore, based on my training and experience and in speaking with other agents and officers, I know that drug traffickers often utilize multiple telephones in an effort to avoid detection from law enforcement. I believe that throughout the investigation into the ROBERSON DTO, Steffen ROBERSON specifically utilized the SUBJECT DEVICES recovered during the execution of a federal search warrant on the residence of 8685 Daly Road, on November 16, 2021 in furtherance of ROBERSON's drug trafficking organization.

**A. Steffen ROBERSON uses cellular devices in furtherance of drug trafficking.**

17. During the week of August 29, 2021, agents/officers met with a confidential informant (CI#1) who stated an individual known to him/her as "Yo" is trafficking methamphetamine. CI#1 stated "Yo" is involved in the sale of methamphetamine in the greater Cincinnati area and uses the telephone number (419) 936-0005 to coordinate methamphetamine sales with customers and co-conspirators. CI#1 stated "Yo" is a male black who uses the Instagram account, "Frank_Castilla16."

10

18.     CI#1 is reliable in that s/he provided information on this case that was independently verified and proven true and correct. CI#1 has also provided information on this case and others that has been verified by the agents/officers. CI#1 can identify marijuana, heroin, methamphetamine, and cocaine due to past contacts with the drugs as well as association with drug users and illegal drug traffickers. CI#1 has previous felony convictions ██████████ ████████████████████.

19.     Through law enforcement databases, agents/officers identified the user of Instagram account, "Frank_Castilla16," as Alton BEACHER, born September 16, ████ The agents/officers provided CI#1 with a current Ohio BMV photo of Alton BEACHER. CI#1 positively identified the photo of Alton BEACHER as who s/he knows as "Yo."  Additionally, CI#1 stated BEACHER sells methamphetamine out of a second-floor apartment in the multi-family located at 1441 Hillcrest Road. CI#1 also stated BEACHER keeps the kilogram quantity of methamphetamine and cocaine on the third floor. CI#1 said the third-floor apartment is directly above the second-floor apartment.

20.     Between August 30 and September 1, 2021, agents/officers met with CI#1 to conduct a controlled methamphetamine purchase from BEACHER. Prior to the controlled purchase, agents/officers searched CI#1 and CI#1's vehicle for contraband and U.S Currency. Agents/officers did not locate any contraband or U.S. Currency on CI#1 or inside CI#1's vehicle. The agents/officers directed CI#1 to place a one-party, consensually recorded phone call to BEACHER on cellular telephone number (419) 936-0005 (hereinafter referred to as BEACHER Phone #1).

11

21.     During the conversation, BEACHER told CI#1 to go to "the spot" and that "Smoke" will provide CI#1 with the methamphetamine. CI#1 knows "the spot" to mean the apartment located at 1441 Hillcrest Road. Agents/officers provided CI#1 with an audio/video recording device and pre-recorded U.S. Currency to use during the controlled buy. While under the constant monitoring and control of the agents/officers, CI#1 traveled to 1441 Hillcrest Road. CI#1 entered the common entry door for 1441 Hillcrest Road, walked up one flight of stairs, and entered the door to the right at the top of the first flight of steps. CI#1 was let inside and met by "Smoke."   CI#1 provided "Smoke" with the recorded U.S. Currency in exchange for methamphetamine.

22.     While inside the apartment, CI#1 spoke with another individual known to him/her as "Worm."  CI#1 stated "Worm" offered to sell CI#1 cocaine. CI#1 then left the meet location and traveled to a neutral location while under constant monitoring and control of agents/officers. Agents/officers met with CI#1 where CI#1 immediately surrendered an amount of suspected methamphetamine and the digital recording device. Agents/officers searched CI#1 and CI#1's vehicle for contraband and U.S. Currency. No contraband or U.S. Currency was recovered from CS#1's person or vehicle.   The suspected methamphetamine was transported to the Hamilton County Coroner's Lab for analysis. Agents/officers received a confirmation from the Hamilton County Crime Laboratory (CL21-06102) that the suspected methamphetamine purchased from Quinton JENNINGS at the direction of BEACHER was methamphetamine, a schedule II-controlled substance.

23.     CI#1 confirmed to the agents/officers that "Smoke" provided him/her with the methamphetamine. Agents/officers are familiar with an individual, Quinton JENNINGS, a male

black born XX/XX/1982, who goes by the street name "Smoke" from a previous drug investigation in the College Hill neighborhood of Cincinnati, Ohio. Agents/officers showed CI#1 a recent Ohio BMV photo of Quinton JENNINGS. CI#1 positively identified the photo of Quinton JENNINGS as who s/he knows as "Smoke." Agents/officers searched the Hamilton County Clerk of Courts records and learned Quinton JENNINGS has previous felony convictions for robbery, trafficking in heroin, and possession of heroin.

24.     Agents/officers are also familiar with an individual from a previous drug trafficking investigation by the name of Steffen ROBERSON, a male black born XX/XX/1981, who goes by the street name "Worm." Agents/officers showed CI#1 a recent Ohio BMV photo of Steffen ROBERSON. CI#1 positively identified the photo of Steffen ROBERSON as who s/he knows as "Worm," and as the person who offered to sell cocaine to CI#1 during the controlled purchase. Agents/officers searched the Hamilton County Clerk of Courts records and learned Steffen ROBERSON has previous convictions for possession of cocaine, tampering with evidence, possession of marijuana, possession of heroin, and trafficking in cocaine.

25.     CI#1 stated s/he does not have a phone number for ROBERSON but stated if s/he needs to contact ROBERSON, s/he calls JENNINGS at (513) 430-6338 (hereinafter referred to as "JENNINGS Phone #1"). CI#1 stated JENNINGS uses JENNINGS Phone #1 to coordinate cocaine sales with customers and co-conspirators, including ROBERSON.

26.     On September 2, 2021, agents/officers directed CI#1 to place a one-party consensually recorded Facetime call to JENNINGS on JENNINGS Phone #1. During the Facetime call with JENNINGS, CI#1 asked about the cocaine ROBERSON offered to CI#1. JENNINGS stated he had to call ROBERSON to see if he's at the "spot" known to CI#1 as 1441

13

Hillcrest Road. CI#1 attempted to call JENNINGS again on JENNINGS Phone #1 with no answer. CI#1 was debriefed and released.

27.     On September 9, 2021, agents/officers met with Hamilton County Court of Common Pleas Judge Heekin who authorized a search warrant for the Apple iCloud account belonging to JENNINGS' telephone number (513) 430-6338 and/or the IMEI 356706088631124.

28.     On September 20, 2021, agents/officers received the Apple iCloud historical records attached to JENNINGS' handheld device. Agents/officers reviewed the Facetime call log for JENNINGS' handheld device. Agents/officers learned after JENNINGS received a phone call from CI#1 on September 2, 2021, JENNINGS placed a Facetime call to an unidentified telephone number, then to BEACHER on BEACHER Phone #1, and then a FaceTime call to (404) 863-7483.[2]

29.     Agents/officers submitted an administrative subpoena for historical toll records for (404) 863-7483. On September 23, 2021, agents/officers received the historical tolls records and reviewed the top incoming/outgoing calls for (404) 863-7483. Multiple illegal drug traffickers, identified in previous illegal drug investigations known by agents/officers to be associated to ROBERSON's Drug Trafficking Organization (DTO), were in the top callers for (404) 863-7483, including ROBERSON's brother, Anthony ROBERSON at (513) 658-5828, Sterling PARISH at (513) 886-1156, and co-conspirators Quinton JENNINGS on JENNINGS's Phone #1, and Alton

---

2 The 404-area code is an Atlanta, Georgia area code. Agents/officers are aware Steffen ROBERSON previously lived in Atlanta, Georgia and often spends time there and in Cincinnati, Ohio. Agents/officers searched law enforcement databases for ROBERSON and learned ROBERSON has a recent address in Atlanta, Georgia at 889 Lenox Court NE, Atlanta, Georgia 30324. Additionally, agents/officers are aware the Federal Bureau of Investigation (FBI) agents executed a search warrant at ROBERSON's address in December 2019 at 270 17 Street NW, Atlanta, Georgia.

BEACHER on BEACHER Phone #1. Based on the foregoing, agents/officers believe ROBERSON is using (404) 863-7483 (hereinafter referred to as ROBERSON Phone #1).

30. Further review of JENNINGS' iCloud and cell phone toll records, showed that JENNINGS, ROBERSON, and BEACHER communicate regularly. Information from the iCloud accounts showed that, from August 20, 2021 through September 9, 2021, JENNINGS and ROBERSON communicated via FaceTime on approximately eight separate occasions. Phone record toll analysis showed that, from August 5, 2021 through October 24, 2021, JENNINGS and ROBERSON had phone contact on twenty-six occasions.

31. Furthermore, ROBERSON's toll records showed that between August 24, 2021 and September 13, 2021, ROBERSON and BEACHER communicated approximately 10 times. Based on my training and experience, and in speaking with other agents and officers, I believe that ROBERSON and BEACHER were communicating utilizing their telephones in furtherance of the ROBERSON drug trafficking organization.

32. On October 5, 2021, agents/officers appeared before Hamilton County Common Pleas Judge Tom Heekin who reviewed and signed a search warrant for historical records and electronic surveillance for ROBERSON Phone #1. Information lawfully obtained pursuant to this search warrant included subscriber information, call history, tower locations, and 30 days of Real Time Precision GPS Tracking (Phone PING) data collection for the physical telephone handset registered to telephone number (404) 863-7483. On October 6, 2021, agents/officers received historical data belonging to ROBERSON Phone #1 and learned the IMEI for the handheld device is 310410349684800 and identified the handheld as an Apple iPhone 11.

15

33.     On October 6, 2021, agents/officers reviewed lawfully obtained GPS Phone Ping data for ROBERSON Phone #1 and learned the handheld device had a 98-meter ping radius in the Northside neighborhood of Cincinnati, Ohio and had sustained that 98-meter ping radius since the previous evening. Agents/officers are familiar with a house at the corner of William P. Dooley Bypass and Old Ludlow Avenue that JENNINGS frequented in Target Vehicle #1. The GPS Phone Ping radius showed the Intersection of William P Dooley and Old Ludlow Ave was within the 98-meter ping radius. Agents/officers drove to the area and located a white 2018 Honda Accord, bearing Texas temporary tag 28680K5 registered to Steffen ROBERSON of 6028 Lantana Avenue Cincinnati, Ohio 45224, parked in front of 3920 Old Ludlow Avenue.

34.     At 10:10 a.m., agents/officers observed a heavyset male black exit 3920 Old Ludlow Avenue, Cincinnati, OH and get into the driver's seat of the white 2018 Honda Accord and drive away. The GPS Phone Ping remained in the area when the white 2018 Honda Accord left the location and then returned back to 3920 Old Ludlow Avenue, at 10:18 a.m. Agents/officer believe ROBERSON Phone #1 stayed at 3920 Old Ludlow Avenue when the white 2018 Honda left.

35.     At 11:50 a.m., agents/officers observed a male black matching the physical description of ROBERSON exit 3920 Old Ludlow Avenue and wave to a silver Nissan Altima, bearing Ohio passenger plate JEJ6092 registered to a Tremar Roberson of 4028 Ledgewood Drive, that had been parked on Old Ludlow Avenue. The silver Nissan pulled forward and the male black, believed to be ROBERSON, conducted what agents/officers believed to be, based on their training and experience, a hand-to-hand narcotics transaction with a female black in the silver Nissan, exchanging what agents/officers believed to be marijuana for US Currency. Agents/officers

16

believe ROBERSON is who conducted the hand-to-hand narcotic transaction with a vehicle registered to ████████████.

36.    The following day, October 7, 2021, agents/officers met with Indiana Gaming Agents for Hollywood Casino in Lawrenceburg, Indiana. The Indiana Gaming Agents, along with agents/officers, reviewed camera footage from October 6, 2021, and identified ROBERSON entering the Lawrenceburg Indiana Hollywood Casino at 8:24 p.m.   The photo showing ROBERSON entering the Casino is shortly after the GPS Phone Ping for ROBERSON Phone #1 was observed near the area of the Hollywood Casino in Lawrenceburg, Indiana. It should be noted, the heavy-set male at the top of the photo is who agents/officers observed get into the white Honda Accord on the morning of October 6, 2021. The male black in the white under shirt and black short sleeve button up observed in the photograph is Steffen ROBERSON.



17

37.     Additionally, agents/officers showed the above photo from the Lawrenceburg Hollywood Casino to Confidential Informant #2 (CI #2) who is familiar with the ROBERSON DTO. CI#2 stated "worm" is the male black with the white shirt and black button up. CI#2 also identified the heavy-set male as "Greedy" and provided two social media accounts for "Greedy:" Facebook "Charli Wopp" with ID: 100057994076545 and Facebook "Hector Espinoza" with ID: 100072616819413. Agents/officers searched law enforcement databases and identified "Greedy" as ██████████ a male, black, born ██████████ 1984. It should be noted ██████████ refers to himself as "Greedy" multiple times on both Facebook pages "Charli Wopp" and "Hector Espinoza."

38.     Agents/officers searched the Hamilton County Clerk of Courts records and learned ██████████ has previous felony convictions for trafficking in heroin, trafficking in cocaine, possession of heroin, possession of cocaine, weapons under disability, and permitting drug abuse.

39.     CI#2 is reliable in that s/he provided information on this case that was independently verified and proven true and correct. CI#2 has also provided information on this case and others that has been verified by the officers and fellow officers. CI#2 has previously been convicted of the following offenses: ████████████████████████████████

████████████████████████████████████████████████████████████████████████████████████████████████

40. Additionally, on October 7, 2021, agents/officers reviewed the GPS phone ping for ROBERSON Phone #1 and observed that at 1:30 p.m. the handheld device for ROBERSON Phone #1 was in the area of the Hollywood Casino in Lawrenceburg, Indiana. Agents/officers drove to the area of the Lawrenceburg Hollywood Casino and observed the white 2018 Honda registered to ROBERSON (hereinafter referred to as Target Vehicle #4) parked in the parking garage. Agents/officers went inside the casino and observed the previously identified ▮▮▮▮▮▮▮ and another male black matching the physical description of ROBERSON but ROBERSON was wearing a face mask while inside the casino. Agents/officers continued conducting surveillance of Target Vehicle #4 and at approximately 2:40 p.m., ▮▮▮ and the male black, believed to be ROBERSON, entered into Target Vehicle #4, and exited the Lawrenceburg Hollywood casino. At approximately 2:46 pm., the GPS phone ping indicated the handheld device for ROBERSON Phone #1 had left the vicinity of the Lawrenceburg Hollywood Casino and was moving with Target Vehicle #4. Agents/officers followed Target Vehicle #4 away from the vicinity of the Hollywood Casino and observed that Target Vehicle #4 was operating, at times 5 to 10 miles an hour under the speed limit while traveling east on Interstate-275. Based on agents'/officers' training and experience, agents/officers know that often times illegal narcotics traffickers will drive in the above described manner in an effort to identify law enforcement vehicles who maybe attempting to conduct surveillance on their vehicles. Often times illegal narcotic traffickers will drive in this manner before or after they are about to travel to a secure location where they will store and distribute illegal narcotics and illegal proceeds of their drug trafficking organizations.

41. Agents/officers were able to maintain a visual and followed Target Vehicle #4 as it traveled to the City of Mount Healthy, Ohio. Agents/officers observed Target Vehicle #4 enter

into the driveway of a single-family home located at 7216 Park Avenue Mount Healthy, Ohio 45231. Throughout surveillance ROBERSON Phone #1 moved with Target Vehicle #4.

42.     On October 8, 2021, agents/officers reviewed the GPS phone ping for ROBERSON Phone #1 and learned at 2:18 p.m. the handheld device for ROBERSON Phone #1 was in the area of 7216 Park Avenue, Mount Healthy, Ohio. Agents/officers drove to the area of 7216 Park Avenue, Mount Healthy, Ohio and observed Target Vehicle #4 parked in the driveway of 7216 Park Avenue. At approximately 3:10 p.m., Target Vehicle #4 backed out of the driveway and pulled away. It should be noted, agents/officers believe the heavily tinted vehicle, Target Vehicle #4, was occupied the entire time agents/officers were conducting surveillance in the area of 7216 Park Avenue, Cincinnati, OH. As Target Vehicle #4 pulled away from 7216 Park Avenue, agents/officers were able to determine a slim built male black was the only occupant of the vehicle. Due to heavy traffic in the area agents/officers were unable to maintain a visual on Target Vehicle #4 as it traveled away from 7216 Park Avenue. At approximately 3:34 p.m., the GPS phone ping indicated ROBERSON Phone #1 was within 401 meters of Trapp Court and Trapp Lane, near ROBERSON's mother, Wanda ROBERSON's, residence 10046 Trapp Lane. At approximately 4:00 p.m., agents/officers observed Target Vehicle #4 parked in the driveway of 10046 Trapp Lane.

43.     On October 27, 2021, agents/officers met with CI#3 to conduct a controlled fentanyl purchase from BEACHER.[3] Prior to the controlled purchase, agents/officers searched CI#3 and CI#3's vehicle for contraband and U.S. Currency. Agents/officers did not locate any

---

3 CI#3 has provided information and assistance on multiple independent cases which has been verified by the agents/officers and fellow officers. CI#3 can identify marijuana, heroin, methamphetamine, and cocaine due to past contacts with the drugs as well as association with drug users and illegal drug traffickers.  CI#3 has no felony convictions and is cooperating with law enforcement for financial consideration.

contraband or U.S. Currency during the search of CI#3 or CI#3's vehicle. Agents/officers directed CI#3 to place a one-party, consensually recorded phone call to BEACHER. During the conversation, BEACHER told CI#3 to meet him at 1441 Hillcrest Road. Agents/officers provided CI#3 with an audio/video recording device and pre-recorded U.S. Currency to use for the controlled buy.

44.     While under the constant monitoring and control of agents/officers, CI#3 traveled to 1441 Hillcrest Road. Agents/officers monitored CI#3 as s/he traveled to the meet location. CI#3 pulled to the parking lot that sits to the east of 1441 Hillcrest Road. CI#3 again called BEACHER Phone #3 and BEACHER stated he was about to arrive. During that time, JENNINGS arrived in Target Vehicle #1 and pulled into the same lot as CI#3. A few minutes later, BEACHER arrived in a tan 4 door vehicle and directed CI#3 to come to the laundry room of 1441 Hillcrest Road. While CI#3 was inside the laundry room of 1441 Hillcrest Road, another male white was also waiting on BEACHER. A few minutes later, according to CI#3, BEACHER came down the steps and into the laundry room of 1441 Hillcrest Road, with multiple ounces of methamphetamine in his hands. BEACHER provided the unknown male white with what CI#3 stated appeared to be an ounce of methamphetamine.

45.     BEACHER then attempted to hand CI#3 an ounce of methamphetamine, but CI#3 stated s/he was there to purchase a half ounce of fentanyl. BEACHER stated he had CI#3 confused with another customer and exited the laundry room of 1441 Hillcrest Road and went back to the stairs. During this interaction between CI#3 and BEACHER, ROBERSON operating the 2018 Honda that is registered to him, pulled into the parking lot of 1441 Hillcrest Road. The lawfully obtained GPS phone ping for ROBERSON Phone #1 also showed ROBERSON's handheld device

21

was in the area of Hillcrest Road. A few minutes later, BEACHER came back down the stairs and entered the laundry room of 1441 Hillcrest Road where he provided a half ounce of fentanyl to CI#3.

46.     CI#3 then left 1441 Hillcrest Road and traveled back to the pre-determined neutral location while under constant monitoring and control of agents/officers. Agents/officers met with CI#3 where CI#3 immediately surrendered the fentanyl and the digital recording device. Agents/officers searched CI#3 and CI#3's vehicle for contraband and U.S. currency. No contraband or U.S. Currency was located during the search of CI#3 and CI#3's vehicle. The suspected fentanyl was transported to the Hamilton County Coroner's Lab for analysis. Agents/officers know ROBERSON to be a large-scale supplier of cocaine, marijuana, and fentanyl. Agents/officers believe ROBERSON came to 1441 Hillcrest Road during the drug transaction to provide BEACHER with the fentanyl to complete the illegal drug transaction with CI#3. Furthermore, agents/officers believe the fentanyl purchased by CI#3 from BEACHER was provided to BEACHER by ROBERSON.

47.     In October 2021, FBI Agents and Hamilton County Ohio Regional Narcotics Unit (RENU) Agents interviewed an individual who provided information to agents/officers about the ROBERSON DTO. The source of information[4] (SOI-1) provided ROBERSON's telephone number as (404) 863-7483 previously identified as ROBERSON Phone #1. SOI-1 stated ROBERSON acquires kilograms of heroin/fentanyl from a drug connection located in Baltimore,

---

4 SOI-1 is currently charged with the following offenses: ████████████████████████
████████████████████████████ The SOI has previously been convicted ██████████████
████████████████████████ To date, investigation has corroborated much of the information provided by SOI-1 and has not shown any material information provided by the SOI to be incorrect. Therefore, I consider SOI-1 to be reliable.

Maryland. The SOI-1 stated ROBERSON is supposed to go back to Baltimore soon to pick up two kilograms of black in color heroin/fentanyl that are very potent. Historical cell tower reads showed that ROBERSON's phone traveled to Baltimore, Maryland on September 16, 2021 at approximately 6:00 p.m. and returned from Baltimore, Maryland on September 17, 2021 at 12:00 p.m. back to Cincinnati, Ohio. Based on my training and experience, I am aware that illegal drug traffickers will make quick (often one day or shorter) trips to sources of supply in other cities to arrange purchases and transportation of illegal narcotics. Based on my training and experience, as well as information provided by CHS-1, I believe ROBERSON traveled to Baltimore, Maryland to purchase heroin/fentanyl from a Baltimore supplier.

48.     On November 14, 2021, agents/officers reviewed a lawfully placed GPS tracker on ROBERSON's white Honda Accord and the GPS Phone Pings for ROBERSON Phone #1 and learned ROBERSON was at the Cincinnati Northern Kentucky Airport (CVG) located in Hebron, Kentucky. Agents submitted an administrative subpoena to Delta Airlines for Steffen ROBERSON's flight information and learned ROBERSON booked a one-way place ticket to Los Angeles, California International Airport (LAX). It should be noted the flight was purchased along with a ticket for Sterling PARRISH a known co-conspirator of the ROBERSON DTO. PARISH for unknown reasons though did not travel with ROBERSON. On November 15, 2021, agents/officers reviewed the GPS Phone pings for ROBERSON PHONE #1 and learned ROBERSON was back at LAX. At 1:04 p.m. Eastern time the GPS Phone ping showed ROBERSON PHONE #1 now in Denver, Colorado. At Approximately 5:40 p.m., the GPS pen register for ROBERSON PHONE #1 showed ROBERSON had landed back in CVG. It is the

agents/officers training and experience Los Angeles, California is a source city of illegal drugs illegal entering the United States and being distributed throughout the country.

49.     Based on my training and experience, my knowledge that Los Angeles, California is a source city for illegal drugs, and the short duration of ROBERSON's trip to Los Angeles, I believe ROBERSON traveled to Los Angeles to further his drug trafficking.  On November 16, 2021, agents arrested ROBERSON at 8685 Daly Road, where the **SUBJECT DEVICES** were recovered.

**B.  ROBERSON used 8685 Daly Road, the location where the SUBJECT DEVICES were recovered, to facilitate his drug trafficking.**

50.     On November 5, 2021, agents/officers met with Hamilton County Common Pleas Judge Terry Nester who renewed a GPS phone ping and authorized a pen register warrant for ROBERSON Phone #1.

51.     On November 8, 2021, at approximately 12:59 p.m., agents/officers reviewed the lawfully obtained GPS phone pings of ROBERSON Phone #1 and learned the handheld device was in Springfield Township neighborhood of Cincinnati near the intersection of Grenada and Daly Road.  Agents/officers drove to the area and observed Target Vehicle #4 parked in the driveway of 8685 Daly Road, Cincinnati, Ohio 45231. Agents/officers observed ROBERSON and ██████████ standing in the yard of 8685 Daly Road and then saw ROBERSON go back inside.

52.     At approximately 1:47 p.m., a gray Ford sedan arrived in the area and pulled into the driveway of 8685 Daly Road. An unidentified male black, wearing a teal hoodie, teal sweatpants, and a teal ball cap, exited from the passenger seat of the Ford sedan and walked to the front of 8685 Daly Road. The Ford, operated by an unidentified female black, backed out of the driveway and parked on the street in front of 8685 Daly Road. Moments later, the male dressed in

24

teal clothing exited 8685 Daly Road, carrying a black backpack bearing a white Nike symbol. The backpack appeared to be partially filled and closed. The male walked to the passenger side of the gray Ford and appeared to place the backpack in the back seat. The male then leaned into the passenger side of the vehicle for a few seconds. The male then exited the passenger side of the vehicle and returned to the front door of 8685 Daly Road, carrying the backpack which appeared to now be empty with the flap to the backpack open.

53.     Based on my training and experience, I believe the unknown male purchased a large quantity of illegal drugs from ROBERSON at 8685 Daly Road and used the backpack to transport the illegal drugs to his vehicle. I further believe that the male then empties the illegal drugs into the vehicle and returned the backpack inside 8685 Daly Road.

54.     Approximately 10 minutes later, Target Vehicle #4 pulled out of the driveway of 8685 Daly Road and drove south on Daly Road. Agents/officers were unable see who got into ROBERSON's vehicle or maintain visual due to erratic driving. At 2:58 p.m., a white Lexus bearing Ohio Plate JJP9517 parked in front of 8685 Daly Road. The driver exited the white Lexus and went inside 8685 Daly Road. A short time later, the male black then exited 8685 Daly Road and left the area. At approximately 3:30 p.m., agents/officers observed Target Vehicle #4 and the white Lexus bearing Ohio license plate JJP9517 both parked in the driveway of 8685 Daly Road. Agents/officers observed the unknown male and ROBERSON come from the area of the front door of 8685 Daly Road and both get into the white 2018 Lexus in the driveway. Approximately a minute later, ROBERSON exited the white 2018 Lexus and got into Target Vehicle #4. ROBERSON then pulled out of the driveway of 8685 Daly Road and left the area. As previously mentioned, it is agents'/officers' training and experience that illegal narcotic traffickers often use

25

vehicles to facilitate and conceal their illegal narcotic trafficking. Agents/officers know illegal narcotic transactions usually only last a few minutes. Agents/officers believe the unknown male and ROBERSON both got into the white 2018 Lexus to complete an illegal narcotic transaction.

55.　　Furthermore, analysis of ROBERSON's cell phone toll records showed that between August 18, 2021 and September 29, 2021, ROBERSON and ███ had phone contact on twenty occasions.　Analysis of ROBERSON's iCloud account showed that between October 4, 2021 and October 21, 2021, ROBERSON and ███ had contact through FaceTime on ten occasions.　Therefore I believe, based on my training and experience, my participation in this investigation, and ███ presence at the 8685 Daly Road residence (a suspected trafficking location for the ROBERSON DTO), that ROBERSON and ███ used cellular devices to communicate about drug trafficking.

56.　　Additionally, On November 11, 2021, at 1:06 p.m. agents/officers directed CI#3 to place a call to BEACHER Phone #3. In the conversation, BEACHER tells CI#3 that he's on his way to pick up a "bird" and will be at 1441 Hillcrest Road in an hour. Agents/officers are familiar with the term "bird" to mean a kilogram of illegal drugs. Agents/officers observed BEACHER exit the common entry door of 8330 Landmark Court and get into Target Vehicle #3. Agents/officers followed Target Vehicle #3 to a PNC Bank located at 11100 Reading Road Cincinnati, Ohio 45241. CI#3 sent an electronic message to BEACHER Phone #3 asking for the price of fentanyl and cocaine. BEACHER responded with a corresponding price and then called CI#3 and stated he will be at the meeting location of 1441 Hillcrest Road in 20 minutes. Prior to the controlled purchase, Agents/officers searched CI#3 and CI#3's vehicle for contraband and U.S. Currency

26

with nothing found. Agents/officers provided CI#3 with an audio/video recording device and U.S. Currency to utilize for the controlled buy.

57.    While under the constant monitoring and control of officers/agents, CI#3 traveled to the parking lot of the structure containing 1441 Hillcrest Road. At 2:25 p.m. BEACHER told CI#3 that he is on his way. At 2:57 p.m. agents/officers following BEACHER in Target Vehicle #3 followed him as he pulled in front of ROBERSON's stash location, 8685 Daly Road. Agents/officers were unable to maintain a visual on BEACHER while he was at 8685 Daly Road. At the same time BEACHER was at 8685 Daly Road, BEACHER called CI#3 and stated another male will provide CI#3 with the fentanyl, BEACHER then instructed CI#3 to go into the laundry room of 1441 Hillcrest Road. CI#3 exited their vehicle and walked into the laundry room where the CI#3 met an unknown male black. The unknown male black exchanged fentanyl with CI#3 for U.S. Currency. CI#3 then left the meet location and traveled to a neutral location while under constant monitoring and control by agents/officers. While traveling to the neutral location, CI#3 received a phone call from BEACHER Phone #3 stating he instructed the unknown male to provide CI#3 with a heavy amount of fentanyl and asked if the unknown male provided CI#3 with a telephone number. CI#3 told BEACHER that s/he did not get a phone number from the unknown male.

58.    Agent/officers are aware often times illegal drug dealers will have other illegal drug dealers' complete transaction for them. Illegal drug traffickers don't like when these other illegal drug dealers provide their phone numbers in an attempt to steal future drug sales. At the neutral site agents/officers met with CI#3 where CI#3 immediately surrendered the fentanyl and the digital recording device. Agents/officers searched CI#3 and CI#3's vehicle for contraband and U.S.

Currency with nothing found. The suspected fentanyl and cocaine were transported to the Hamilton County Coroner's Lab for analysis.

59.     Agents/officers believe when BEACHER told CI#3 he was picking up the "bird" he was on his way to purchase another kilogram of illegal drugs. Agents/officers observed BEACHER go to a PNC bank and then travel to 8685 Daly Road. BEACHER, while operating Target Vehicle #3, drove down small side street and conducted U-turns in the middle of the road before landing at 8685 Daly Road. As previously mentioned, it is agents/officers experience drug traffickers will often drive in an erratic manner or take indirect routes, often through neighborhoods and side streets, in an attempt to detect surveillance units. Often illegal drug traffickers do this before going to their residence and/or illegal drug stash locations such as 8685 Daly Road. Furthermore, while BEACHER didn't provide CI#3 with the fentanyl he did tell CI#3 that he was on his way to pick up what agents/officers believe to be an illegal drug, traveled to a PNC bank, and then one of ROBERSON's stash locations, 8685 Daly Road, after driving erratically.

60.     On November 15, 2021, the Honorable Stephanie K. Bowman, United States Magistrate Judge for the Southern District of Ohio, signed an arrest warrant for a Criminal Complaint charging Steffen ROBERSON and others, with conspiracy to possess with intent to distribute and distribute controlled substances in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A).  The same day, the Honorable Judge Bowman also signed search warrants authorizing the searches of a Honda Accord bearing Texas temporary passenger plate 28680K5 with VIN # 1HGCV1F3XJA021148 and the residence of 8685 Daly Road, Cincinnati, OH 45231.

28

61.     On November 16, 2021, at approximately 6:05 a.m., Agents/Officers from the Cincinnati DO, Ohio Highway State Patrol, Cincinnati Police Department, and the Louisville Field Division (LFD) Special Response Team (SRT), executed the search warrants at 8685 Daly Road and arrest warrant of Steffen ROBERSON. Agents/Officers initiated the execution of the search warrant by knocking on the door and announcing the presence of police with a search warrant. After knocking and announcing, agents waited approximately 15-20 seconds before breaching the door of the residence. Once the door was breached, agents began clearing the residence and agents/officers came in contact with the following subjects: ███████████████████ who was located in the back-left bedroom on the floor; ██████████████████ who was located in the family room; ████████████████ who was located in the floor of the hallway in front of the bedroom; ████████████████ who was located in the middle bedroom in the back; and Steffen ROBERSON, DOB: XX-XX-1981, who was located in the family room. ROBERSON was arrested on the federal arrest warrant mentioned above and transported to the Cincinnati Police Department.

62.     Once 8685 Daly Road, was secured by the LFD DEA SRT team, agents/officers completed the search of the residence and executed the search warrant on the vehicle referenced above. During the search of the residence and vehicle, the following items were seized:

      a. CPD Narcotics Officer Steve Batsch retrieved a sandwich baggie out of the dryer vent containing multiple additional baggies inside of it containing a white and off white/brown chunky substance.

      b. CPD Narcotics Officer Steve Batsch retrieved an orange pill bottle with multiple pills inside the bottle. The bottle was located in a Louis Vuitton bag located on the first card table in the living room.

      c. CPD Narcotics Officer Steve Batsch retrieved a sandwich baggie of suspected marijuana from the card table in the living room, along with a loose bud of

marijuana found on the card table as well.  The marijuana baggie was found on ███████ person.

d.  CPD Officer Rob Uhlenbrock located a sandwich baggie of white pills from the ROBERSON's white Honda Accord.

e.  $26,409.00 in U.S. Currency

f.  Ohio driver's license for Steffen ROBERSON, a phone charger and two receipts found on his person.

g.  Drug paraphernalia to include a digital scale and sandwich baggie box found on the counter of 8685 Daly Road and retrieved by CPD Narcotics Officer Batsch.

h.  Vacuum sealed bags found in the storage closet attached to the residence, located by Agent MacMurdo.

i.  SUBJECT TELEPHONE 1 & SUBJECT TELEPHONE 2 found on ███████ person.

j.  SUBJECT TELEPHONE 3 from Steffen ROBERSON.

k.  SUBJECT TELEPHONE 4 found on the card table of 8685 Daly Road.

l.  SUBJECT TELEPHONE 5 found on the kitchen windowsill of 8685 Daly Road.

m.  SUBJECT TELEPHONE 6 found in the back bedroom of 8685 Daly Road.

n.  SUBJECT TELEPHONE 7 found in the center back bedroom of 8685 Daly Road.

o.  SUBJECT TELEPHONE 8 found in a FedEx box on the kitchen counter of 8685 Daly Road.

63.  On November 16, 2021, PO Tackett and PS Dillman met with Steffen ROBERSON and provided him with a notification of rights form (F600). ROBERSON provided officers with the following information:

a.  Name: Steffen Roberson

b.  Address: 10046 Trapp Lane Cincinnati, Ohio 45231

    c.  Phone Number: ███████████

    d.  Date of birth: XX/XX/1981

    e.  Education: GED

    f.  Work: Promotional party 12/4/21 (Future is coming)

    g.  Read/Write: yes/yes. ROBERSON read the first line of Miranda warning out loud to officers

    h.  Mental/physical: Yes

    i.  Meds: No

    j.  Drugs/Alcohol: No

    k.  Sleep: No

64.    ROBERSON stated he is always at 8685 Daly Road and that he just purchased the house from "Mikey" or "Da mikey Lark." PO Tackett asked if he meant "big nose Randy," known as █████████ and he said yes but he calls him "Mikey." ROBERSON stated he just hit on a ticket and Larkin needed some money, so he purchased the house from ████████████ for $27,000. ROBERSON told officers he paid cash for the house and put the house in his mom's name. ROBERSON stated that's all he does is gamble.

65.    ROBERSON stated that he got to 8685 Daly Road the previous night, November 15, 2021, but unsure what time he arrived.  He stated the Monday night football game was still on though. PO Tackett told ROBERSON that agents/officers executed a warrant at 7216 Park Avenue. PO Tackett asked ROBERSON what he believes agents/officers recovered from 7216 Park Avenue. ROBERSON stated he's only been there twice, and it was to gamble. ROBERSON stated

---

5 The phone number ROBERSON provided to law enforcement is not the same phone number investigators identified during the investigation.  I am aware, based on my training and experience, that drug traffickers often use multiple phones and multiple phone numbers to evade law enforcement detection.  This further supports my belief that ROBERSON was using multiple cellular devices in furtherance of his illegal drug trafficking.

he was last there two to three weeks ago. ROBERSON stated he doesn't even know whose place it is and he just knows it's a gambling house. ROBERSON stated he attempted to rent it, but the guy whose house it is said no. PO Tackett noted ROBERSON struggled to remember who the "guy" is who told him he couldn't rent it, and then while looking around the room ROBERSON stated his name was "toes." PO Tackett informed ROBERSON that during the search of 7216 Park Avenue that agents/officers found fentanyl and a gun. ROBERSON stated his DNA would not be on the gun.

66.    ROBERSON stated he drove to Lima, Ohio to shoot dice in a pool hall. ROBERSON stated he was at a corner store in what appeared to be a condemned building where they were gambling. ROBERSON stated there's two pool tables inside when you walk in the door. ROBERSON stated he met a person up there to gamble. ROBERSON stated when he left Lima, Ohio he went directly back to 8685 Daly Road.

67.    ROBERSON stated the only thing people can say they got from him is weed nothing else. ROBERSON stated he didn't have any dope (narcotics) in 8685 Daly Road. The dope must have been there before they moved. ROBERSON stated big boy in all black, Josh Jackson was the only one asleep. ROBERSON stated he walked to the door at 8685 Daly Road but when he saw police, he went back to the family room and laid down.

On November 17, 2021, at 3:17 p.m., FBI Special Agent Wenker listened to a recorded jail call from Anthony ROBERSON to ████████████ During the conversation, ████████ explained that she was at ████████████ house. According to Special Agent Wenker, ████████ got on the telephone, at which time ANTHONY ROBERSON hands the jail phone to Steffen ROBERSON. ████████████ explains to Steffen ROBERSON that she is getting money

32

together for him, Anthony ROBERSON, and "Chewy" (who law enforcement knows from involvement in this investigation to be David HAMLER). Steffen ROBERSON asked ▇▇▇▇▇ ▇▇▇▇▇ "did they come in there too mom? (10046 Trapp Lane)" and whether "they had to fix the door on Daly?" Based on my participation in this investigation and my knowledge that ▇▇▇▇ ▇▇▇▇▇ lives at 10046 Trapp Lane, I believe that Steffen ROBERSON asked ▇▇▇▇▇▇▇ whether law enforcement executed a search warrant at her residence and whether she had to fix the door at 8685 Daly Road after law enforcement executed a search warrant at that location. The following conversation then took place:

| | |
|---|---|
| ▇▇▇▇▇▇▇▇▇ | She went to your other house and she got all the TVs off the wall, she got all your all clothes out of there. |
| STEFFEN ROBERSON: | What other house? |
| ▇▇▇▇▇▇▇▇▇ | Park. |
| STEFFEN ROBERSON: | I don't even know where that's at Mom. |
| STEFFEN ROBERSON: | Hey, hey, hey, I don't even, just, just... (mumbled) |
| ▇▇▇▇▇▇▇ | OK, I see what you're saying. I know. |
| STEFFEN ROBERSON: | Alright |

68.     On November 16, 2021, during the execution of a federal search warrant on 7216 Park Avenue, agents/officers recovered multiple items that were used during the manufacturing of heroin/fentanyl, including a kilogram press which contained heroin/fentanyl residue, and a short barrel rifle was recovered. In the recorded jail call, I believe that ▇▇▇▇▇▇▇ was explaining to Steffen ROBERSON that a female went to his residence at 7216 Park and got his televisions off the wall and his clothes out of the residence. I believe that Steffen Roberson, in the recorded jail call, tried to distance himself from the Park residence because he knew that law enforcement recovered evidence of crimes during the search warrant of 7216 Park. My belief is based on my

33

training and experience, my participation in this investigation, and my knowledge that drug traffickers try to avoid talking on recorded jail calls about residences where law enforcement found evidence of crimes.

69.     On November 18, 2021, at approximately 10:27 p.m., ROBERSON contacted ███████████ on a recorded jail call, which was reviewed by FBI Special Agent Wenker.  SA Wenker transcribed the following portion of the conversation between Steffen ROBERSON and ███████████ about the 8685 Daly Road residence:

| | |
|---|---|
| STEFFEN ROBERSON: | I just want ya'll to do something with that house, man, know what I mean? |
| ███████████ | (mumbled) Me and her can do that group home. |
| STEFFEN ROBERSON: | That's what I was telling her, she said she ain't tripping, she said she wanted it. Say she want to do it with you. You know my umm baby mama went and put a door back on that mother fucker and changed the locks all the way around cause the door was just wide open know what I mean? |
| ███████████ | Oh it is? |
| STEFFEN ROBERSON: | (mumbled) Nah, she changed the locks and did everything for me, she ain't tripping, she just trying to make sure a mother fucker, ain't just having a mother fucker shit wide open. Ya know what I mean? . |
| STEFFEN ROBERSON: | I need you to be really be umm, (mumbled) what ya'll gonna do with that home health care shit. (mumbled) I need you to really attack it though, you feel me? That's why I really got it for. I said that's why we really got it. I was just gambling in that mother fucker in the mean time until we figure out what we was gonna do. You know what I'm saying? |

70.     Based on ROBERSON's statements in jail calls about 8685 Daly Road, law enforcement surveillance showing that ROBERSON frequented 8685 Daly Road, and

ROBERSON's presence at 8685 Daly Road on November 16, 2021, I believe ROBERSON had control of 8685 Daly Road.

71.     Agents/officers have learned that 8685 Daly Road is in ROBERSON's mother's name – ███████████ Agents/officers also learned that 8685 Daly Road was transferred into ███████████ name on October 29, 2021.

72.     Based on the facts and circumstances listed above, I know ████ was found to be in possession of **SUBJECT TELEPHONE 1** and **SUBJECT TELEPHONE 2** during the execution of a federal search warrant on 8685 Daly Road and that ROBERSON was found to be in possession of **SUBJECT TELEPHONE 3** at the time of his arrest on 8685 Daly Road by the LFD DEA SRT team on November 16, 2021.   Additionally, based on my training and experience, and conversations with other law enforcement officers, I believe ROBERSON used **SUBJECT TELEPHONE 3** to orchestrate drug transactions, in violation of Title 21, United States Codes, Section 846.   Furthermore, based on my training and experience and in speaking with other agents/officers, as well as recorded jail telephone calls transcribed by Special Agent Wenker of the FBI, I believe **SUBJECT TELEPHONE 4, SUBJECT TELEPHONE 5**, **SUBJECT TELEPHONE 6**, **SUBJECT TELEPHONE 7**, and **SUBJECT TELEPHONE 8** all located and seized during the execution of a federal search warrant at 8685 Daly Road, where additional evidence of drug trafficking was found, will contain further evidence of ROBERSON's drug trafficking operations. Through my training and experience, I am aware that drug traffickers often communicate with their customers, couriers, and/or associates through the use of cellular telephones or use of multiple telephones or other devices, to avoid detection by law enforcement. Based on the above facts and circumstances, I believe the contents on the **SUBJECT DEVICES**

35

will lead to information that can identify possible stash house locations, money laundering techniques, other co-conspirators, and ROBERSON's source of supply. Lastly, I believe that probable cause exists to search the **SUBJECT DEVICES.**

## TECHNICAL TERMS

73. Based on my training and experience, I use the following technical terms to convey the following meanings:

   a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

   b. Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed

36

and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

c.  Portable media player: A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video, or photographic files. However, a portable media player can also store other digital data. Some portable media players can use removable storage media. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can also store any digital data. Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

d.  GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a

37

mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

e. IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

f. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

74.     Based on my training, experience, and research, I know that these types of devices have capabilities that allow them to serve as a wireless telephone, digital camera, portable media player, and a GPS navigation device. In my training and experience, examining data stored on devices of

38

this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

75. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

76. *Nature of* examination. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the Subject Devices consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

77. *Manner of* execution. Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## **CONCLUSION**

I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the **SUBJECT DEVICES** described in Attachment A to seek the items described in Attachment B.

Respectfully submitted,

*Cameron C. Rice*

Cameron C. Rice
Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me on this __21__ day of December, 2021.

Karen L. Litkovitz
United States Magistrate Judge

40

## __ATTACHMENT A__

*The property to be searched*

**Subject Telephone 1:** Black Apple iPhone
**IMEI:** 356861114354348

 

**Subject Telephone 2:** Pale Green Apple iPhone
**IMEI:** 353970106644658

 

**Subject Telephone 3**: Black Apple iPhone
**IMEI**: 352906117323982



**Subject Telephone 4**: Silver Apple iPhone with a white face
**IMEI**: 355345085602191



2

**Subject Telephone 5:** Gray ZTE flip phone Model Z320
**IMEI:** 862580030367310



**Subject Telephone 6:** Black Apple iPhone with Otterbox
**IMEI:** 356599141606435



3

**Subject Telephone 7:** Gray Apple iPhone with black case
**IMEI:** 356719082615688



**Subject Telephone 8:** Black Apple iPhone
**IMEI:** 356114096132013



The above items are currently located at the Cincinnati Police Department Temporary Storage Locker #17, 801 Linn Street, Cincinnati, Ohio.

This warrant authorizes the forensic examination of the Subject Devices for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

*Items to be seized*

1. All records on the Subject Devices described in Attachment A that relate to violations of **21 U.S.C. § 846** and involve ▆▆▆▆▆▆ **and Steffen ROBERSON** and other yet known and unknown individuals including:

   a. Evidence that shows the Subject Devices were used to further facilitate the distribution of illegal narcotics;

   b. Lists of customers and related identifying information;

   c. Types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

   d. Any and all information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

   e. Any and all information related to association with co-conspirators, to include communications and contact information for co-conspirators;

   f. Any information recording schedules or travel;

   g. Any and all stored telephone numbers;

   h. Any and all text messages, iMessages, and chats, to include incoming, outgoing, saved, deleted, and drafts;

   i. Any and all emails, sent, received, delete, draft and/or saved;

   j. Any and all voicemails;

   k. Any and all photographs, electronic images, video recordings, and/or images saved and/or deleted on the cellular device;

   l. Any and all information related to drug proceeds;

m. Any and all data retrieved from applications installed on the device;

n. Any and all entries made in a calendar and/or notebook feature;

o. Any and all personal numbers associated with the cellular device to include the telephone number, push-to-talk number, make, model, carrier, ESN, IMEI, ICCID, MEID, SEID, and or IMSI.

2. Evidence of user attribution showing who used or owned the Subject Devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

2

AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means ☐ Original ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>The Cellular Devices More Fully Described in<br>Attachment A | )<br>)<br>)    Case No.    1:21-mj-973<br>)<br>)<br>) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ Southern _____ District of _____ Ohio _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before _____ 1/4/2022 _____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m. ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ Hon. Karen L. Litkovitz _____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:  **10:40 AM, Dec 21, 2021**

City and state:  Cincinnati, Ohio

Karen L. Litkovitz
**United States Magistrate Judge**

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

| **Certification** |
|---|

      I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## <u>ATTACHMENT A</u>

*The property to be searched*

**Subject Telephone 1:** Black Apple iPhone
**IMEI:** 356861114354348

 

**Subject Telephone 2:** Pale Green Apple iPhone
**IMEI:** 353970106644658

 

**Subject Telephone 3**: Black Apple iPhone
**IMEI**: 352906117323982

 

**Subject Telephone 4**: Silver Apple iPhone with a white face
**IMEI**: 355345085602191



**Subject Telephone 5:** Gray ZTE flip phone Model Z320
**IMEI:** 862580030367310



**Subject Telephone 6:** Black Apple iPhone with Otterbox
**IMEI:** 356599141606435



3

**Subject Telephone 7:** Gray Apple iPhone with black case
**IMEI:** 356719082615688



**Subject Telephone 8:** Black Apple iPhone
**IMEI:** 356114096132013



4

The above items are currently located at the Cincinnati Police Department Temporary Storage Locker #17, 801 Linn Street, Cincinnati, Ohio.

This warrant authorizes the forensic examination of the Subject Devices for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

*Items to be seized*

1.      All records on the Subject Devices described in Attachment A that relate to violations of **21 U.S.C. § 846** and involve ████████ **and Steffen ROBERSON** and other yet known and unknown individuals including:

    a.  Evidence that shows the Subject Devices were used to further facilitate the distribution of illegal narcotics;

    b.  Lists of customers and related identifying information;

    c.  Types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

    d.  Any and all information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

    e.  Any and all information related to association with co-conspirators, to include communications and contact information for co-conspirators;

    f.  Any information recording schedules or travel;

    g.  Any and all stored telephone numbers;

    h.  Any and all text messages, iMessages, and chats, to include incoming, outgoing, saved, deleted, and drafts;

    i.  Any and all emails, sent, received, delete, draft and/or saved;

    j.  Any and all voicemails;

    k.  Any and all photographs, electronic images, video recordings, and/or images saved and/or deleted on the cellular device;

    l.  Any and all information related to drug proceeds;

m.  Any and all data retrieved from applications installed on the device;

n.  Any and all entries made in a calendar and/or notebook feature;

o.  Any and all personal numbers associated with the cellular device to include the telephone number, push-to-talk number, make, model, carrier, ESN, IMEI, ICCID, MEID, SEID, and or IMSI.

2.  Evidence of user attribution showing who used or owned the Subject Devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

2